UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

———

BRUCE MOILANEN,

                Plaintiff,                        Case No. 1:10-cv-1293

v.                                             Honorable Robert Holmes Bell

UNKNOWN SHERROD et al.,

                Defendants.

_____/

**OPINION**

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint for failure to state a claim against Defendants Evans, Berghuis, Smith and Zack. The Court will serve the complaint against Defendants Sherrod and Smead.

**Discussion**

I.     Factual allegations

Plaintiff Bruce Moilanen presently is incarcerated at the Lakeland Correctional Facility, though the actions about which he complains occurred while he was housed at the E.C. Brooks Correctional Facility (LRF).  Plaintiff sues the following LRF employees: Corrections Officer (unknown) Sherrod, Captain B. Evans, Warden Mary Berghuis, Resident Unit Manager Roger Smead, Deputy Warden Rick Smith, and Sergeant J. Zack.

On November 18, 2008, Plaintiff filed a grievance against Defendant Sherrod and two other individuals who are not named as Defendants, alleging that they had violated department policy and the Civil Service Code of Conduct.  On November 24, 2008, Defendant Sherrod stopped Plaintiff when he was leaving the dining hall, stating, "[Y]ou better sign off on that grievance you filed on me, if you like it here." (Compl., ¶ 3, Page ID#2.)  A few days later, on November 29, 2008, while Plaintiff was in the exercise yard, Sherrod again stopped Plaintiff, stating, "You really want to drop the complaint, staff sticks together." (*Id.*, ¶4, Page ID#2.)  On December 4, 2008, Plaintiff was transferred to the Straits Correctional Facility.  During the transfer, Plaintiff's word processor, two legal footlockers, and cassette-player were all broken, though they had been in working order before they were surrendered to LRF staff.

Plaintiff alleges that his Annual Security Classification Screening was completed only one week before he filed his grievance.  At that time, Plaintiff was found not to be a management problem.  Nevertheless, only 14 days after Plaintiff had filed his grievance, Defendant Smead initiated a Transfer Screening, resulting in Plaintiff's transfer.  According to Plaintiff, his transfer was retaliatory and resulted in his placement in a seven-man open-dorm setting, rather than a two-

person cell. The placement caused him to experience significant sleep deprivation and mental-health problems. Plaintiff alleges that Defendant's Evans, Berghuis, Smith and Zack had supervisory roles at the prison and were responsible for the safety and care of all prisoners. He also alleges that he wrote Defendant Berghuis to complain about the retaliatory transfer and loss of property, but he did not receive a satisfactory response.

Plaintiff claims that Defendants violated his First-Amendment rights by retaliating against him for filing a grievance. For relief, he seeks declaratory relief and punitive damages.

II.    Failure to state a claim

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'

– that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2));

*see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal*

plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§

1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right

secured by the federal Constitution or laws and must show that the deprivation was committed by

a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr.*

*Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal

rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify

the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff fails to make specific factual allegations against Defendants Evans, Berghuis,

Smith and Zack, other than his claim that they failed adequately to supervise their subordinates or

respond to his subsequent complaints about the transfer. Government officials may not be held

liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior

or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436

U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional

violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575

(6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates

are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d

at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). Moreover,

§ 1983 liability may not be imposed simply because a supervisor denied an administrative grievance

or failed to act based upon information contained in a grievance. *See Shehee v. Luttrell*, 199 F.3d

295, 300 (6th Cir. 1999). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Evans, Berghuis, Smith and Zack engaged in any active unconstitutional behavior. Accordingly, he fails to state a claim against them.

Upon initial review, the Court concludes that Plaintiff has adequately alleged a retaliation claim against Defendants Sherrod and Smead.

### Conclusion

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Defendants Evans, Berghuis, Smith and Zack will be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). The Court will order the complaint served against Defendants Sherrod and Smead.

An Order consistent with this Opinion will be entered.


Dated: <u>March 17, 2011</u>                    /s/ Robert Holmes Bell
                                        ROBERT HOLMES BELL
                                        UNITED STATES DISTRICT JUDGE