UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRUCE MOILANEN,

       Plaintiff,

                                              File No. 1:10-cv-1293

v.

                                              HON. ROBERT HOLMES BELL

ROOSEVELT SHERROD, et al.,

       Defendants.

                                          /

## OPINION AND ORDER ADOPTING REPORT AND RECOMMENDATION

On March 30, 2012, Magistrate Judge Joseph G. Scoville issued a Report and Recommendation ("R&R") recommending that Plaintiff's claims for injunctive and declaratory relief be dismissed as moot, that Plaintiff's claims for damages against Defendants in their official capacities be dismissed with prejudice as barred by the eleventh amendment, and that Defendants' motion for summary judgment be granted on Plaintiff's first amendment retaliation claim. (Dkt. No. 30.) In light of this Court's July 18, 2012, order, the R&R will now be considered along with Plaintiff's objections (Dkt. No. 34.)

This Court makes a *de novo* determination of those portions of an R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller*

*v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). The Court may accept, reject, or modify any or all of the Magistrate Judge's findings or recommendations. *Id.*

### A. Time Spent at Brooks Corrections Facility

Plaintiff objects to a sentence in the R&R which describes his time of incarceration at the Brooks Correctional Facility ("Brooks"). Plaintiff was incarcerated at Brooks for approximately 38 months. This fact was not disputed in the R&R. The sentence to which Plaintiff takes exception states that "[h]e was an inmate . . . during the period at issue, from November 18, 2008, through December 4, 2008." (Dkt. No. 30 at 3.) The Magistrate Judge does not assert that Plaintiff was located at Brooks for only sixteen days. Rather, the R&R simply notes that Plaintiff's time at Brooks *included* the period of time during which the events at issue occurred. Plaintiff's objection is unfounded and has no bearing on the R&R's analysis.

### B. Timing of Security Screenings

Plaintiff objects to the R&R's factual conclusion that the security screening performed prior to his transfer was in accordance with MDOC policy. Plaintiff mistakenly believes that MDOC policy requires a sixty day interim between security screenings. Plaintiff argues that he was screened a mere twenty-two days from his prior screening, and that this is evidence of Defendants' retaliatory intent to break prison rules and transfer him.

The MDOC policy in question merely requires that prisoners undergo security screening prior to transfer if more than sixty days have passed since their last screening.

2

MDOC Policy Directive 05.01.130¶J(2); (Dkt. No. 30 at 4.) It sets a floor, not a ceiling, on security screening. Prisoners have no right to be free from additional screening. Furthermore, Plaintiff calculated a twenty-two day spacing by measuring from the date his year-end screening was finalized, not entered. Counting from the date his prior screening was entered, more than sixty days passed, and MDOC policy required an additional screening prior to his transfer. Nothing in the security screening process applied to Plaintiff supports an inference of retaliatory motive or conduct by Defendants.

### C. Eleventh Amendment Immunity

Plaintiff objects to the R&R's inclusion of an Eleventh Amendment governmental immunity analysis on grounds that Defendants are being sued in their individual, not official, capacity.

Plaintiff is correct that Eleventh Amendment immunity bars suits against state officials in their official, but not individual, capacity. This distinction is clear in the R&R. The Magistrate Judge merely gives Plaintiff's complaint a broad interpretation, including claims against Defendants in both their official and individual capacities.

As explained in the R&R, employees of the state acting under color of state law may not be sued in their official capacities absent waiver or consent of the state. Because the state has not waived its immunity or consented to be sued, any official capacity claim against Defendants must be dismissed with prejudice. *See Pennhurst State Sch. & Hosp. V. Halderman,* 465 U.S. 89, 100 (1984). If, as Plaintiff now asserts, no official capacity claim

3

was intended, then the Eleventh Amendment analysis was unnecessary. However, as the R&R performed a full and separate analysis of Plaintiff's claims against Defendants in their individual capacity, Plaintiff's objection does not identify any defect.

### D. Adverse Action

Plaintiff objects to the R&R's finding that his allegedly retaliatory transfer is *de minimus*. Plaintiff argues that the transfer itself, along with threats of transfer, his subsequent loss of work assignment, and damage to his word processor cannot be considered *de minimus*.

While loss of work assignment and destruction of property could certainly constitute adverse action, Plaintiff has not adequately supported a claim that his loss of work assignment and damage of property were retaliatory. Loss of work assignment was necessarily a byproduct of transfer, and Plaintiff has made no showing that the alleged damage to his property occurring during shipment was intentional or in any way connected with Defendants. Only the transfer itself and the alleged threats of transfer are factually supported as retaliatory acts. As the R&R explains, transfer alone generally does not qualify as an adverse action.

Plaintiff also objects to the R&R's finding that a non-decision-maker's threats of transfer are immaterial due to the fact that such an individual could not be the cause of a retaliatory transfer. Plaintiff cites the unreported case *Sims v. Rewerts*, No. 07-12646, 2009 WL 3617727 (E.D. Mich. Oct. 29, 2009), in support of his argument that a non-decision-

4

maker can be deemed to have been involved in a retaliatory transfer, and thus meet the adverse action element. In *Sims*, however, there were genuine issue of material fact as to whether or not the non-decision-maker instigated the transfer process. In the present case, Plaintiff fails to bring to light any evidence short of conjecture and suspicion that Defendants Sherrod and Smead contributed to Plaintiff's transfer.

Plaintiff also cites cases wherein threats alone were deemed adverse action, but these cases involve threats of bodily harm, often when instances of violence had already occurred. *See Zilich v. Longo,* 34 F.3d 359 (6th Cir. 1994); *Bell v. Johnson*, 308 F.3d 594 (6th Cir. 2002); *Burgess v. Moore*, 39 F.3d 216 (9th Cir. 1994). A threat of an ordinary transfer does not rise to the same level as a threat of physical violence, and would not deter an individual of regular firmness from engaging in protected conduct. *See Siggers-El v Barlow*, 412 F.3d 693, 704 (6th Cir. 2005) (transfer is an ordinary incident of prison life);[1] *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999).

Having engaged in a de novo review of Plaintiff's specific objections to the R&R, the Court finds that they are without merit, and the R&R makes a sound recommendation. Accordingly,

**IT IS HEREBY ORDERED** that the March 30, 2012, R&R (Dkt. No. 30) is **APPROVED** and **ADOPTED** as the opinion of the Court.

---

[1] Plaintiff has experienced 8 such ordinary transfers in the last 10 years. (Dkt. No. 10 at 15.)

**IT IS FURTHER ORDERED** that Defendants' motion for summary judgment (Dkt. No. 9) is **GRANTED**.

Dated: August 31, 2012                                         /s/ Robert Holmes Bell
                                                               ROBERT HOLMES BELL
                                                               UNITED STATES DISTRICT JUDGE